**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MARIO TYWAN MARTIN**                                                                             **PETITIONER**

**v.**                                                                                                            **No. 3:06CV63-M-A**

**WARDEN PARKER, ET AL.**                                                             **RESPONDENTS**

## **MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Mario Tywan Martin (# R3415) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies under 28 U.S.C. § 2254(b)(1)(A). The petitioner has not responded, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

### **Facts and Procedural Posture**

Mario Tywan Martin pled guilty to sale of cocaine in the Circuit Court of Lafayette County, Mississippi. He was sentenced to serve in the Mississippi Department of Corrections a term of ten years with six years suspended and four years to serve. He was also ordered to serve three years of supervised probation.

The petitioner filed a "Motion to Vacate, Set Aside, Reduce or to Modify or Correct" in that court on February 6, 2006. The Lafayette County Circuit Court denied the petitioner's motion for post-conviction relief June 26, 2006. The petitioner has not filed a notice of appeal from the trial court's ruling. M.R.A.P. 4(a). Even if the petitioner did perfect an appeal from the lower court's ruling, the matter would remain before the Mississippi Supreme Court until that court reaches a final decision.

Martin also has an appeal pending in the Mississippi Supreme Court from the Lafayette County Circuit Court pursuant to a Notice of Appeal filed in the lower court on February 6, 2005, in Cause No. LK05-178, which is the same conviction and sentence that is the subject of the instant *habeas* petition. Since this appeal has been filed, information was requested from the trial court, and the trial court filed an April 20, 2006, order denying the petitioner's request to proceed *in forma pauperis*. The trial court found that the petitioner's pleadings entitled "Petition for Appeal in Forma Pauperis and Leave to Proceed in Trial Court" failed to specify the legal basis for the petitioner to proceed. In addition, the Mississippi Supreme Court issued a deficiency notice to the petitioner in June, 2006. The petitioner clearly has a matter pending in the Mississippi Supreme Court.

## Discussion

A prisoner seeking *habeas corpus* relief from incarceration pursuant to a state court judgment must exhaust state court remedies before filing his federal petition for a writ of *habeas corpus*. U.S.C. § 2254(b)(1) and (c). The petitioner's failure to do so requires dismissal of the instant federal *habeas corpus* petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *Rose v. Lundy,* 455 U.S. 509 (1982); *Duckworth v. Serrano,* 454 U.S. 1 (1981). The court cautions the petitioner his time to seek federal redress for his *habeas corpus* claims is **limited**. *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000). The petitioner has several pleadings pending in state the courts; indeed, the state court record is unavailable for this reason. This court cannot predict whether or to what extent tolling will be available based upon the petitioner's state court filings. The filing of the instant *habeas corpus* petition, however, **does not toll** the one-year statute of limitations. *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001); *see also Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999); *Ott v. Johnson*,

192 F.3d 510, 513 (5th Cir. 1999). The petitioner should prosecute his state applications with diligence to ensure he does not lose the right to seek relief in federal court.

In sum, the instant petition for a writ of *habeas corpus* is hereby **DISMISSED** for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of October, 2006.

    **/s/ Michael P. Mills**
    **UNITED STATES DISTRICT JUDGE**